UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **CRYSTAL A. GOUARD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | Case No. 11-2292 |
| **MCLANE MIDWEST, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

# REPORT & RECOMMENDATION

In December 2011, Plaintiff Crystal A. Gouard filed a Complaint (#1) against her former employer, Defendant McLane Midwest, Inc. Plaintiff brings suit under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, (hereinafter "the ADA"). She brings one count for hostile work environment in violation of the ADA, and a second count for wrongful termination in violation of the ADA. Subject matter jurisdiction is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.

In April 2012, Defendant filed a Motion to Dismiss (#7) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff responded with Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (#10). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendant's Motion to Dismiss **(#7)** be **DENIED**.

## I. Background

The following background is taken from Plaintiff's Complaint (#1).

Plaintiff began working for Defendant in December 2006. In October 2007, Plaintiff gave birth to her daughter. Plaintiff's daughter has been disabled since birth, and spent the first four months of her life in the hospital. In 2009, Plaintiff's daughter suffered additional serious medical problems, resulting in brain damage and dependence on a ventilator. Throughout 2009 and 2010, Plaintiff took family leave from work intermittently to care for her daughter.

Plaintiff alleges that, throughout 2010 up to her eventual termination in September 2010, her co-workers ridiculed her and harassed her because of the leave she took from work to care for her daughter. Plaintiff's co-employees accused her of lying about her need for leave and about the severity of her daughter's medical condition. Plaintiff complained about the harassment several times to her immediate supervisor, and at least once to upper management. Her supervisor told her that she had to get along with her co-employees, and took no further action.

On September 2, 2010, Plaintiff got in to an argument with a co-worker who was harassing her about needing to take time off to care for her daughter. Plaintiff and her co-worker both raised their voices at each other. The next day, Defendant terminated Plaintiff because of this verbal altercation with her co-worker. Defendant did not take any action against the co-worker.

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give fair notice of what the claim is and the grounds upon which it rests. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). However, fair notice is not enough by itself; in addition, the allegations must show that it is plausible, rather than merely speculative, that the plaintiff is entitled to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008).

When considering a motion to dismiss for failure to state a claim, the Court is limited to the allegations contained in the pleadings. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). The Court must treat all well-pleaded allegations in the

complaint as true, and draw all reasonable inferences in the plaintiff's favor. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (requiring plausible grounds for inferences if those inferences are to sustain a complaint). In considering the plaintiff's factual allegations, the Court should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The application of the notice pleading standard is a context-specific task, in which the height of the pleading requirement is relative to circumstances. *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).

### III. Discussion

Defendant argues that Plaintiff fails to state a claim for which relief can be granted. Plaintiff brings her claims under the ADA association provision. An employer may not "exclud[e] or otherwise deny equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). Nondisabled employees can successfully bring a claim under the ADA under this association provision if: (1) the plaintiff was qualified for the job at the time of the adverse employment action; (2) the plaintiff was subjected to an adverse employment action; (3) the plaintiff was known by his employer at the time to have a relative or associate with a disability; and (4) the adverse employment action occurred under circumstances raising a reasonable inference that the disability of the relative or associate was a determining factor in the employer's decision. *Larimer v. Int'l Bus. Machines Corp.*, 370 F.3d 698, 701 (7th Cir. 2004) (citing *Den Hartog v. Wasatch Acadamy*, 129 F.3d 994, 1085 (10th Cir. 1997)).

Defendant raises two separate arguments that Plaintiff has failed to state a claim. First, with respect to Plaintiff's Count II for termination in violation of the ADA, Defendant argues that Plaintiff has pled facts that indicate her complaint falls outside the scope of the ADA's

3

association provision. Second, with respect to Plaintiff's Count I for hostile work environment, Defendant argues that Plaintiff's factual allegations fail to support a claim for hostile work environment.

*1. Plaintiff's Count II for Termination in Violation of the ADA*

Defendant argues that Plaintiff's Count II for termination in violation of the ADA falls outside the scope of the ADA's association provision. The Seventh Circuit has stated that there are only three types of situations within the intended scope of this provision. *Larimer v. Int'l Bus. Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004). The only potentially applicable situation in this case is distraction. Distraction may occur when an employee is "somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation, perhaps by being allowed to work shorter hours." *Id*. The Court further noted that, while the ADA requires reasonable accommodations be made for disabled employees, this requirement does not extend to a nondisabled associate of a disabled person. *Id*. With this, the Seventh Circuit has indicated that an employer may not take adverse employment action against an employee merely because that employee is distracted due to having a disabled dependent, where the employee is nevertheless able to perform his duties to his employer's satisfaction without accommodation.

Defendant argues that Plaintiff's complaint does not indicate that she was terminated due to her distraction, but rather she was terminated for arguing with a co-employee. Plaintiff responds that her termination was a result of her distraction. The Court notes that Plaintiff's claim is not as simple as the situation of distraction discussed by the Seventh Circuit in *Larimer*. Here, Plaintiff has indicated that the source of the distraction was not only her daughter's illness, but that the primary source of her distraction was the hostile work environment, in which she faced harassment from her co-employees related to her daughter's condition. However, the Court need not address the legal significance of this point at this stage in litigation: Plaintiff has also alleged that her young disabled daughter suffered serious and traumatic health complications in the months prior to her termination, and it is certainly plausible based on these

facts that Plaintiff would be inattentive at work but still able to perform her duties satisfactorily without accommodation, which is a circumstance that triggers the protections of the ADA association provision. The Court therefore concludes that Plaintiff has stated a claim to which she is plausibly entitled to relief.

In a related argument, Defendant contends that, even assuming Plaintiff's claims are within the scope of the association provision of the ADA, she still fails to state a claim because her complaint demonstrates that Defendant did not act with a discriminatory motive. For Plaintiff to succeed in her claims against Defendant, Plaintiff must demonstrate that her termination occurred under circumstances raising a reasonable inference that her daughter's disability was a determining factor in the Defendant's decision. *Larimer*, 370 F.3d at 701. Defendant points out that, on the face of the complaint, Plaintiff indicates she was terminated for arguing with a co-employee. According to Defendant, this compels the conclusion that Plaintiff was not terminated due to her association with her disabled daughter, but rather for fighting at work.

The Court disagrees with Defendant's contention. Making all inferences in Plaintiff's favor, the facts in Plaintiff's complaint do not compel the conclusion that she was terminated for fighting at work, unrelated to her distraction with her daughter's disability. The Court notes that Plaintiff alleges that both Plaintiff and the co-employee in the argument both behaved similarly, raising their voices at each other. Furthermore, Plaintiff alleges that this co-employee was not terminated or disciplined for the argument. These facts at least plausibly indicate that Defendant's stated reason for terminating Plaintiff was a mere pretext, and that Defendant may

have actually acted with a discriminatory motive.[1]  *See generally Dewitt v. Proctor Hosp.*, 517 F.3d 944, 948 (7th Cir. 2008) (discussing the applicability of the *McDonnell Douglas* test to claims brought under the association provision).  The Court therefore concludes that, with respect to Plaintiff's Count II for termination in violation of the ADA, Plaintiff has stated a claim for which relief may be granted.

*2. Plaintiff's Count I for Hostile Work Environment in Violation of the ADA*

Plaintiff and Defendant both cite *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) for the test of what constitutes a hostile work environment:

> A hostile work environment exists where an employee experiences harassment that is 'so severe or pervasive as to alter the conditions of employment and create an abusive working environment.' . . . A plaintiff establishes an alteration in the terms and conditions of employment by demonstrating either a tangible employment action, such as discharge or demotion, or a non-tangible action, such as discriminatory conduct that is so severe or pervasive as to create an 'abusive' working environment. . . .

*Mannie*, 394 F.3d at 982 (citations omitted).  Additionally, the Seventh Circuit has noted that whether a claim for hostile work environment is cognizable under the ADA is an open question, but the court has assumed the existence of such claims where resolution of the issue has not been necessary.  *Id*.

Defendant argues that Plaintiff's complaint fails to provide enough factual detail to establish whether the harassment she experienced was pervasive or severe, and that she failed to demonstrate that the behavior by her co-workers and supervisors altered a term or condition of

---

[1] Though Plaintiff's Complaint does state that Defendant "terminated [Plaintiff's] employment because of the verbal altercation with her co-worker" (#1, p. 4, ¶ 16), the Court believes this is merely ambiguous draftsmanship.  The Court takes this as an allegation that Defendant's stated reason for the termination was the verbal altercation, but Plaintiff's complaint as a whole indicates that Defendant's motive was discrimination.

her employment.  Defendant cites a number of cases to support its position, but all of these cases concern appeals from summary judgment, and do not apply the pleading standards of Federal Rule of Civil Procedure 8.²

Plaintiff responds by noting factual allegations in her complaint that support her claim of hostile work environment.  Specifically, Plaintiff alleges that several of her co-employees constantly ridiculed and harassed her, that they accused her of lying about the severity of her daughter's medical condition and her need for leave, and they called her a part-time worker. (#1, p. 3, ¶ 12).  She further alleges that she complained several times to her immediate supervisor and at least once to upper management about the harassment she experienced from co-workers due to the time off she needed to care for her daughter, but Defendant took no reasonable action in an effort to limit or stop the harassment.  (#1, p. 3, ¶¶ 13-14).  In Plaintiff's brief, she indicates that she is pursuing this claim of hostile work environment under both prongs of the *Mannie* test, in that she has pled she suffered discharge, and she has pled facts indicating that the discriminatory conduct in her workplace was so severe and pervasive that it created an abusive working environment.

The Court concludes that the facts that Plaintiff has pled are sufficient to indicate the nature of her claim and the grounds upon which it rests.  Furthermore, based on these facts, Plaintiff has at least plausibly demonstrated that she is entitled to relief.  Defendant's cited authority to the contrary is not persuasive, as Defendant relies on cases appealing summary judgment, which are not procedurally analogous.  While it is true that Plaintiff's complaint does not contain enough detail to establish the severity or frequency of any harassment that she suffered, Plaintiff is not required to provide this level of detail in her complaint.  The Court therefore concludes that, with respect to Count I for hostile work environment, Plaintiff has stated a claim for which relief may be granted.

---

²Defendant cites *Silk v. City of Chi.*, 194 F.3d 788 (7th Cir. 1999), *Mannie v. Potter*, 394 F.3d 977 (7th Cir. 2005), *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594 (7th Cir. 2009), and *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17 (1st Cir. 2011).

## IV. Summary

For these reasons, the Court recommends that Defendant's Motion to Dismiss **(#7)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 21st day of June, 2012.

                                                         s/DAVID G. BERNTHAL
                                        UNITED STATES MAGISTRATE JUDGE