UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| CRYSTAL A. GOUARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-2292 |
| | ) |
| v. | ) |
| | ) |
| McLANE MIDWEST, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION**

On June 21, 2012, Magistrate Judge David G. Bernthal filed a Report and Recommendation (#16) in the instant case. Judge Bernthal recommended denying the Motion to Dismiss (#7) filed by Defendant. On June 28, 2012, Defendant filed an Objection to the Report and Recommendation (#18).[1] On July 12, 2012, Plaintiff filed a Memorandum in Opposition to Defendant's Objection (#20). Following this court's careful de novo review of the Report and Recommendation and review of Defendant's Objections, this court agrees with and accepts the Report and Recommendation (#18). This court agrees with Judge Bernthal's thorough and well-supported analysis.

---

[1] In the Objection, Defendant's counsel repeatedly referred to Judge David G. Bernthal as "Magistrate Bernthal" or "the Magistrate". Reference to Judge Bernthal should be to his correct title, which is either "Judge" or "Magistrate Judge". Alternately, if counsel prefers, reference may be made to "the Report and Recommendation."

On December 19, 2011, Plaintiff filed a Complaint with two claims. In general, Plaintiff alleges that because her daughter is disabled as defined under the ADA, she has intermittently taken family leave from work in order to care for her daughter. First, Plaintiff claims that Defendant subjected her to a hostile and offensive work environment as a result of her relationship or association with her daughter. Plaintiff alleged that several of her co-employees consistently ridiculed and harassed her, including accusing her of lying, being able to do whatever she wanted in terms of calling in and not being at work, and being a part-time worker. Second, Plaintiff claims that she was terminated following a verbal altercation with a co-worker that arose from harassment regarding Plaintiff's need to take leave to care for her daughter.

Regarding Count I, Defendant argues in its Motion to Dismiss that Plaintiff failed to "bring a claim to create a hostile work environment cause of action." Although the Seventh Circuit has not explicitly recognized the existence of a hostile work environment claim, it has assumed that it is cognizable under the ADA. *Silk v. City of Chicago*, 194 F.3d 788, 804 (7th Cir. 1999). Defendant cited to several cases in support of the proposition that Plaintiff "failed to plead that she suffered a materially adverse work environment." *See Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594 (7th Cir. 2009), *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005), *Silk v. Chicago*, 194 F.3d 788, 808 (7th Cir. 1998), *Colon-Fontanez v. Municipality of San Juan*, 660 F.3d 17, 44 (1st Cir. 2011). The Report and Recommendation disagreed, noting that Defendant's brief relies on cases appealing summary judgment, an adjudicatory process not procedurally analogous to a motion to dismiss. Specifically, the Report and Recommendation noted that "[w]hile it is true that Plaintiff's complaint does not contain enough detail to establish the severity or frequency of

any harassment that she suffered, Plaintiff is not required to provide this level of detail in her complaint." In response, Defendant asserts that the procedural posture is irrelevant as those cases merely stand for the proposition that, as a matter of law under *Kirksey*, "simple teasing, offhand comments, and isolated incidents will not qualify as an actionable objectively hostile or abuse work environment" and that by pleading only facts analogous to those in *Kirksey*, Plaintiff has effectively pled herself out of court. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999). But Defendant misperceives the Report and Recommendation, and more broadly, the nature of a pleading. The factual allegations in a complaint, taken to be true, need only "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (editing marks omitted) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). All Plaintiff must do to survive at this early stage is allege a plausible claim that the harassment to which she was subjected was "so severe or pervasive as to alter the conditions of employment and create an abusive working environment." *Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005); *Silk v. City of Chicago*, 194 F.3d 788, 804 (7th Cir. 1999) ("[A] plaintiff must show that his or her work environment was both subjectively and objectively hostile.") Whether the quality and quantity of that harassment rose to the level necessary to prevail is instead a matter properly decided after discovery, such as at summary judgment (or trial), as the Report and Recommendation explained. If, however, the Seventh Circuit had explicitly stated that a hostile work environment claim under the ADA (as opposed to Title VII) was in fact *not a cognizable cause of action*, this claim would have been properly dismissed under Rule 12(b)(6). *See Kirksey*

*v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999) ("Suppose the complaint had alleged that the defendants had violated Illinois or federal law by failing to obtain a license to manufacture cigarettes. The complaint would comply with Rule 8(a)(2), but, *assuming no such license is required*, it would be highly vulnerable to dismissal under Rule 12(b)(6).") (emphasis added).

Count II is a little less clear, but Plaintiff's complaint still musters enough to survive outright dismissal. In large part, this vagueness is likely because the associational disability cause of action is so rarely litigated that the contours are not clearly established. See *Larimer v. Int'l Bus. Machines Corp.*, 370 F.3d 698, 700 (7th Cir. 2004) (noting that the first case in the Seventh Circuit regarding this cause of action was filed in 2004). The Report and Recommendation correctly identified and distinguished "distraction" from the other two associational causes of action, "expense", and "disability by association". *Id.* The "distraction" scenario is particularly amorphous, as this court could not find any fact pattern in a Court of Appeals opinion affirming on the merits a judgment in favor of a plaintiff on that cause of action. *Cf. Id.* (affirming summary judgment against plaintiff); *Magnus v. St. Mark United Methodist Church*, 688 F.3d 331, 339 (7th Cir. 2012) (same); *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 487 (6th Cir. 2011) (same).

Under *Larimer*, a plaintiff bringing an action alleging discrimination because he or she was distracted must have been "somewhat inattentive at work because his spouse or child has a disability that requires his attention, yet not so inattentive that to perform to his employer's satisfaction he would need an accommodation." *Larimer*, 370 F.3d at 700. "The qualification

concerning the need for an accommodation (that is, special consideration) is critical because the right to an accommodation, being limited to disabled employees, does not extend to a nondisabled associate of a disabled person." *Id.* The Seventh Circuit has endorsed a modified *McDonnell Douglas* test for claims under this section of the ADA, stating that a plaintiff can prove his or her case by establishing that:

> (1) she was qualified for the job at the time of the adverse employment action; (2) she was subjected to an adverse employment action; (3) she was known by her employer at the time to have a relative or associate with a disability; and (4) her case falls into one of the three relevant categories of expense, distraction, or association.

*Magnus*, 688 F.3d at 336-37. Plaintiff has alleged that: her job performance at all relevant times met or exceeded her employer's legitimate expectations; she was harassed at work due to her relationship with her daughter; she complained several times to her supervisor and management to no avail; she had a verbal altercation with a co-worker over the harassment, both of whom raised their voices at each other; and the next day, she was terminated.

> Here, the Report and Recommendation noted that
>
> Plaintiff has indicated that the source of the distraction was not only her daughter's illness, but that the primary source of her distraction was the hostile work environment, in which she faced harassment from her co-employees related to her daughter's condition. However, the Court need not address the legal significance of this point at this stage in litigation: Plaintiff has also alleged that her young disabled daughter suffered serious and traumatic health complications in the months prior to her termination, and it is certainly plausible based on these facts that Plaintiff would be inattentive at work but still able to perform her duties satisfactorily without accommodation, which is a circumstance that triggers the protections of the ADA association provision.
>
> Defendant contests that "involving oneself in a verbal altercation is not the same as being distracted at work" and that "Plaintiff's own allegations [of engaging in a shouting match with a co-worker] unambiguously establish that she was not performing to her employer's satisfaction."

Defendant not only begs the question by presuming the altercation was not a result of workplace-induced distraction, but has again put the horse before the cart. All Plaintiff must do is allege enough to plausibly suggest that she was distracted, not prove her case. Plaintiff argues that "Defendant's reason for terminating her employment was directly related to her daughter's disability in that but for the disability, there would have been no altercation (and hopefully much less harassment), and thus no alleged grounds for termination." Plaintiff has done as much.

IT IS THEREFORE ORDERED THAT:

(1) The Report and Recommendation (#16) is ACCEPTED.

(2) Defendant's Motion to Dismiss (#7) is DENIED.

(3) Defendant is allowed 21 days to file its Answer to Plaintiff's Complaint.

(4) This case is referred to Judge Bernthal for further processing.

ENTERED this 10th day of September, 2012

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY

UNITED STATES DISTRICT JUDGE